IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CANDACE EVERETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| v. | ) | |
| | ) | **Civil Action File No.** |
| ETCON, INC., ETCON HR, INC., | ) | 2:13-cv-277-WCO |
| BONNIE WOOD D/B/A ETCON | ) | |
| EMPLOYMENT SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Candace Everett ("Ms. Everett"), by and through undersigned counsel, and files this lawsuit against ETCON, Inc., ETCON HR, Inc., and Bonnie Wood d/b/a ETCON Employment Solutions (collectively "Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, showing as follows:

### Introduction

1.

The instant action arises from ETCON's violations of Ms. Everett's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended

("FLSA"), to remedy violations of the FLSA by Defendants which have deprived Ms. Everett of her lawful overtime wages.

2.

During the employment of Ms. Everett, Defendants violated the FLSA by failing to compensate Ms. Everett at the legally appropriate overtime rate for hours worked in excess of forty (40) hours in a given workweek.

3.

Ms. Everett seeks unpaid overtime compensation for work performed, an equal amount in liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**Jurisdiction and Venue**

4.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

5.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts complained of occurred within the State of Georgia and because Defendants are subject to personal jurisdiction in this District.

## Parties

6.

Ms. Everett resides in Statham, Georgia (within this District) and is a citizen of the United States.

7.

ETCON, Inc. is a corporation formed under the laws of the State of Georgia that conducts business in the State of Georgia and in this District.

8.

ETCON, Inc. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Bonnie M. Wood, 674 Tommy Aaron Drive, Gainesville, Georgia 30506.

9.

ETCON HR, Inc. is a corporation formed under the laws of the State of Georgia that conducts business in the State of Georgia and in this District.

10.

ETCON HR, Inc. is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Bonnie M. Wood, 674 Tommy Aaron Drive, Gainesville, Georgia 30506.

11.

Bonnie Wood d/b/a ETCON Employment Solutions ("Bonnie Wood") is an individual and resident of the Northern District of Georgia, Gainesville Division.

12.

Bonnie Wood is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at her residence address, 674 Tommy Aaron Drive, Gainesville, Georgia 30506.

13.

At all relevant times hereto, the Defendants were the "joint employer" of Ms. Everett because there was an arrangement between the individual Defendants to share the services of Ms. Everett, and/or one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Everett, and/or the individual Defendants shared control of Ms. Everett's employment, and/or one Defendant controls the other Defendants, and/or the Defendants are under common control.

14.

At all times material to this action, Ms. Everett was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within

the territory of the United States.  Ms. Everett is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendants.

15.

Defendants maintained either actual or constructive control, oversight and direction of its employees, including the employment, pay, and other practices.

16.

At all times material to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce as defined by § 203(s) of the FLSA.

17.

At all times material to this action, Defendants were an "employer" of Ms. Everett, as defined by § 203(d) of the FLSA.

18.

The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

**Factual Allegations**

19.

From approximately December 2012 until approximately November 1, 2013, Ms. Everett was employed by Defendants.

20.

At all times relevant hereto, Ms. Everett was not responsible for supervising or directing the work of any other employees.

21.

At all times relevant hereto, Ms. Everett did not possess the authority to hire or fire other employees.

22.

At all times relevant hereto, Ms. Everett's primary duty was not the management of Defendants or of a customarily recognized department or subdivision thereof.

23.

At all times relevant hereto, Ms. Everett's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

24.

At all times relevant hereto, Ms. Everett did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

25.

At all times relevant hereto, Ms. Everett was a non-exempt employee for purposes of overtime compensation.

26.

While employed by Defendants, Ms. Everett was required, at times, to work in excess of forty (40) hours a week.

27.

During Ms. Everett's employment with Defendants, Defendants did not compensate Ms. Everett for time worked in excess of forty (40) hours per week on a basis of one and one-half times the regular rate of pay, as required by law.

28.

The records, if any, concerning the number of hours actually worked and the compensation actually paid to Ms. Everett are in the possession of Defendants.

**Failure to Comply with the Overtime Provisions of the FLSA**

29.

Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA, 29 U.S.C. § 207 or § 213, with respect to Ms. Everett.

30.

Defendants failed to meet the requirements for paying Ms. Everett at the rate of at least one and one-half times the regular hourly rate for time worked in excess of forty (40) hours per week as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

31.

Defendants are liable to Ms. Everett for compensation for any and all time Ms. Everett worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular hourly rate as legally required under the compensation requirements of the FLSA, 29 U.S.C. § 203 and § 207.

32.

By its actions alleged herein, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA provisions and corresponding federal regulations.

33.

Defendants willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime compensation to Ms. Everett in accordance with § 203 and § 207 of the FLSA.

34.

As a result of Defendants' violations of the FLSA, Ms. Everett has suffered damages by failing to receive overtime wages in accordance with § 203 and § 207 of the FLSA.

35.

As a result of Defendants' willful violations of the FLSA, Ms. Everett is entitled to liquidated damages.

36.

Ms. Everett has retained undersigned counsel to represent her in this action and has incurred costs and reasonable attorneys' fees.

37.

Pursuant to 29 U.S.C. § 216(b), Ms. Everett is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38.

Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Ms. Everett.

39.

As a result of Defendants' unlawful acts, Ms. Everett has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to

recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation.

WHEREFORE, Ms. Everett, pursuant to § 216(b) of the FLSA, prays for the following relief:

(a)  that she be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

(b)  that she be awarded the costs and expenses of this action; and

(c)  that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 18th day of December, 2013.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

_____
LOUIS R. COHAN
Georgia Bar No. 173357
TRACY K. HAFF
Georgia Bar No. 141230
*Attorneys for Plaintiff*

3340 Peachtree Road, NE
Suite 580
Atlanta, Georgia 30326
(404) 891-1770
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
tkhaff@cohanlawgroup.com

10